LAW OFFICES OF MICHAEL D. SCHULMAN
MICHAEL D. SCHULMAN, ESQ., SBN 137249
18757 Burbank Blvd., Suite 310
Tarzana, CA  91356-3375
(818) 999-5553 / (818) 999-5570 - fax
mike@schulmanlawoffices.com

Attorneys for CITIBANK, N.A.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA BOND,<br><br>        Plaintiff,<br><br>        v.<br><br>CITIBANK, N.A.,  and DOES 1 - 10,<br>inclusive,<br><br>        Defendant. | CASE NO.:<br><br>NOTICE OF REMOVAL BY DEFENDANT<br><br>Pursuant to 28 U.S.C. Section 1331<br><br>(Federal Question) |

TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. Sections 1331, 1441(b) and Section 1446 of Title 28 of the United States Code, defendant Citibank, N.A. ("Defendant") hereby removes the action entitled Amanda Bond v. Citibank, N.A., Superior Court of the State of California for the County of El Dorado, Case No. PCL20170159 (the "Action"), filed by plaintiff Amanda Bond ("Plaintiff"), to the United States District Court for the Eastern District of California, on the following grounds:

1.    On or about April 21, 2017, Defendant received service of Plaintiff's Complaint. A true and correct copy of the Plaintiff's Complaint, purportedly served on Defendant, is attached hereto as Exhibit "1".

2.     Defendant has timely filed this Notice of Removal within thirty days of the purported service of the Summons and Complaint.  See 28 U.S.C. Section 1446(b).

**FEDERAL QUESTION**

3.     The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441, in that Plaintiff alleges violation of the Telephone Consumer protection Act, 47 U.S.C. Section 227, a claim that is created by, and arises under, federal law.  To the extent any other claims in the Action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. Sections 1367 and 1441(c).

4.     This Court is the proper district court for removal because the Superior Court of California, County of El Dorado, is located within the United States District Court for the Eastern District of California.

5.     A true and correct copy of Defendant's Answer to Complaint, served upon Defendant in the Action is attached hereto as Exhibit "2".

6.     True and correct copies of all other documents filed in the Action are attached hereto as Exhibit "3".

7.     Defendant simultaneously is filing a copy of this Notice of Removal with the Superior Court of the State of California for the County of El Dorado.  Defendant will serve Plaintiff with copies of this Notice of Removal and the Notice filed in the state court.

8.     By virtue of this Notice of Removal of Action and the Notice filed in the Action, Defendant does not waive its rights to assert any personal jurisdictional defense or other motions, including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

DATED: May 18, 2017          LAW OFFICES OF MICHAEL D. SCHULMAN

By _____
    MICHAEL D. SCHULMAN
    Attorneys for CITIBANK, N.A

# EXHIBIT "1"

(Page 1 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:17-cv-01060-TLN-DB   Document 1   Filed 05/19/17   Page 4 of 29

# COPY

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**BY FAX**

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITIBANK, N.A.; and DOES 1 – 10 inclusive,

**EL DORADO CO. SUPERIOR CT.**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AMANDA BOND,

**FILED** APR 17 2017
**Randi Corrasa**

BY _____
Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Cameron Park Branch

3321 Cameron Park Drive
Cameron Park, CA 95682

**CASE NUMBER:**
*(Número del Caso):*

**PCL20170159**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 877-206-4741

| DATE: | APR 17 2017 | Clerk, by | **Randi Corrasa** | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**ISSUED**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **CITIBANK, N.A.**

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on: *(date):*

Assigned to
Judge Warren C. Stracener
For all purposes

---

| Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com |
|---|---|---|

Page 1 of 1

(Page 4 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:17-cv-01060-TLN-DB   Document 1   Filed 05/19/17   Page 5 of 29

# COPY

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

EL DORADO CO. SUPERIOR CT.

FILED   APR 17 2017

BY   **Randi Corrasa**
Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF EL DORADO
## LIMITED JURISDICTION

| | |
|---|---|
| AMANDA BOND,<br><br>Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A.; and DOES 1 – 10 inclusive,<br><br>Defendant. | Case No. **PCL20170159**<br><br>**COMPLAINT**<br>(Amount not to exceed $10,000)<br><br>1.  Violation of Rosenthal Fair Debt Collection Practices Act<br>2.  Violation of Telephone Consumer Protection Act<br><br>**JURY DEMANDED** |

### I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.   Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter, "TCPA").

### II. PARTIES

2.     Plaintiff, AMANDA BOND ("Plaintiff"), is a natural person residing in El Dorado County in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).  Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

Assigned to
Judge Warren C. Stracener
For all purposes

Complaint - 1

(Page 5 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:17-cv-01060-TLN-DB   Document 1   Filed 05/19/17   Page 6 of 29

3.     At all relevant times herein, Defendant, CITIBANK, N.A. ("Defendant"), is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227 and is a "person" as defined by 47 U.S.C. § 153(39).

4.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## III. FACTUAL ALLEGATIONS

6.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7.     From in or around early January of 2017 and continuing through the middle of January of 2017, Defendant called Plaintiff's cell phone ending in -0935 numerous times.

8.     Defendant called from phone numbers belonging to them, including without limitation (859) 309-5126.

9.     Defendant's calls were excessive and harassing to Plaintiff.

(Page 6 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:17-cv-01060-TLN-DB   Document 1   Filed 05/19/17   Page 7 of 29

10.     Defendant's calls were made to Plaintiff in connection with collection on an alleged debt.

11.     As a result of Defendant's actions, Plaintiff have retained counsel.  Plaintiff's counsel sent a notice of representation on or about February 1, 2017.  Defendant has failed to respond to that letter at this time.

12.     Defendant also used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

13.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

15.     §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

16.     Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

a)  Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

b)  Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));

c)  Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. § 1692d(5));

d)  Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1)) ; and

e)  Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d)).

(Page 7 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:17-cv-01060-TLN-DB   Document 1   Filed 05/19/17   Page 8 of 29

17.     Defendant's conduct violated the TCPA by:

    a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

18.     As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

19.     Plaintiff reincorporates by reference all of the preceding paragraphs.

20.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.     Actual damages;
    B.     Statutory damages for willful and negligent violations;
    C.     Costs and reasonable attorney's fees;
    D.     For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE
## CONSUMER PROTECTION ACT

21.     Plaintiff incorporates by reference all of the preceding paragraphs.

22.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq..

23.     As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to

(Page 8 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:17-cv-01060-TLN-DB   Document 1   Filed 05/19/17   Page 9 of 29

47 U.S.C. § 227(b)(3)(B).

24.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*.

25.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

26.    Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B);

B.    As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to  and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C); and

C.    Any and all other relief that the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

27.    Pursuant to her right under Article 1, Section 16 of the Constitution of the State of California, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 17th day of April, 2017.

By:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 5

(Page 2 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:17-cv-01060-TLN-DB Document 1 Filed 05/19/17 Page 10 of 29

**BY FAX**

# COPY

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State bar number, and address): <br> Todd M. Friedman, Esq. SBN 216752 <br> Law Offices of Todd M. Friedman <br> 21550 Oxnard St., Suite 780 <br> Woodland Hills, CA 91367 <br> **TELEPHONE NO.:** 877-206-4741    **FAX NO:** 866-633-0228 <br> **ATTORNEY FOR** (Name): Plaintiff, AMANDA BOND | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** El Dorado
**STREET ADDRESS:** 3321 Cameron Park Drive
**MAILING ADDRESS:** 3321 Cameron Park Drive
**CITY AND ZIP CODE:** Cameron Park 95682
**BRANCH NAME:** Cameron Park Branch

**EL DORADO CO. SUPERIOR CT.**

**FILED** APR 17 2017

BY **Randi Corrasa**
Deputy

**CASE NAME:**
AMANDA BOND v. CITIBANK, N.A.

| CIVIL CASE COVER SHEET | | **CASE NUMBER:** |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) ☑ Limited (Amount demanded is $25,000 or less) | Complex Case Designation <br> ☐ Counter ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | **PCL 2 0 1 7 0 1 5 9** <br> Assigned to <br> Judge Warren C. Stracener <br> **DEPT:** For all purposes |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) <br> ☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06) <br> ☐ Rule 3.740 collections (09) <br> ☐ Other collections (09) <br> ☐ Insurance coverage (18) <br> ☐ Other contract (37) | ☐ Antitrust/Trade regulation (03) <br> ☐ Construction defect (10) <br> ☐ Mass tort (40) <br> ☐ Securities litigation (28) <br> ☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** <br> ☐ Asbestos (04) <br> ☐ Product liability (24) <br> ☐ Medical malpractice (45) <br> ☐ Other PI/PD/WD (23) | **Real Property** <br> ☐ Eminent domain/Inverse condemnation (14) <br> ☐ Wrongful eviction (33) <br> ☐ Other real property (26) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) <br> **Enforcement of Judgment** <br> ☐ Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort** <br> ☐ Business tort/unfair business practice (07) <br> ☐ Civil rights (08) <br> ☐ Defamation (13) <br> ☐ Fraud (16) <br> ☐ Intellectual property (19) <br> ☐ Professional negligence (25) <br> ☑ Other non-PI/PD/WD tort (35) | **Unlawful Detainer** <br> ☐ Commercial (31) <br> ☐ Residential (32) <br> ☐ Drugs (38) <br> **Judicial Review** <br> ☐ Asset forfeiture (05) <br> ☐ Petition re: arbitration award (11) <br> ☐ Writ of mandate (02) <br> ☐ Other judicial review (39) | **Miscellaneous Civil Complaint** <br> ☐ RICO (27) <br> ☐ Other complaint (not specified above) (42) <br> **Miscellaneous Civil Petition** <br> ☐ Partnership and corporate governance (21) <br> ☐ Other petition (not specified above) (43) |
| **Employment** <br> ☐ Wrongful termination (36) <br> ☐ Other employment (15) | | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☐ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 17, 2017
Todd M. Friedman
_(TYPE OR PRINT NAME)_                    _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov <br> American LegalNet, Inc. <br> www.FormsWorkflow.com |

(Page 3 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:17-cv-01060-TLN-DB Document 1 Filed 05/19/17 Page 11 of 29

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
*case involves an uninsured*
*motorist claim subject to*
*arbitration, check this item*
*instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or*
*toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil*
*harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer*
*or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally*
*complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent*
*domain, landlord/tenant, or*
*foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
*drugs, check this item; otherwise,*
*report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex*
*case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-*
*domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
*above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-*
*harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified*
*above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

# EXHIBIT "2"

EL DORADO CO. SUPERIOR CT.

FILED   MAY 18 2017

BY L. Wager

1   LAW OFFICES OF MICHAEL D. SCHULMAN
2   MICHAEL D. SCHULMAN, ESQ.  SBN 137249
    18757 Burbank Blvd., Suite 310
3   Tarzana, CA  91356-3375
    Telephone: (818) 999-5553/Fax : (818) 999-5570
4   mike@schulmanlawoffices.com

5   Attorneys for Citibank, N.A.

6

7

8            SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO

9                CAMERON PARK BRANCH, LIMITED CIVIL CASE

10

11  Amanda Bond,                          CASE NO.  PCL20170159

12        Plaintiff,                      ANSWER OF CITIBANK, N.A. TO
                                          COMPLAINT
13        vs.

14  Citibank, N.A., and Does 1-10, Inclusive,      FILED BY FAX

15        Defendants.

16

17

18        Defendant, Citibank, N.A. (the "Bank") for itself alone and for no other defendant

19  or defendants, answers in response to plaintiff's Amanda Bond ("Plaintiff") Complaint

20  on file herein as follows:

21        1.   Under and in accordance with the provisions of Section 431.30 of the

22  California Code of Civil Procedure, the Bank denies, both generally and specifically,

23  each and every allegation contained in each paragraph of the Complaint and the Bank

24  expressly denies that Plaintiff is entitled to recover from the Bank any sum or sums

25  whatsoever.

26                        FIRST AFFIRMATIVE DEFENSE

27        2.   The Complaint fails to state facts sufficient to constitute a cause of action

28  against the Bank.

                                      1
                             ANSWER TO COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

3.   Plaintiff's claims are subject to binding arbitration, upon election of either party, pursuant to the arbitration agreement contained in the written terms and conditions governing Plaintiff's credit card account.  The Bank reserves its right to elect arbitration of this dispute pursuant to such arbitration agreement.

## THIRD AFFIRMATIVE DEFENSE

4.   If the Plaintiff suffered or sustained any loss or damage, the same was directly and proximately caused and contributed to by the conditions and hazards of which Plaintiff is well aware and assumed the risks thereof.

## FOURTH AFFIRMATIVE DEFENSE

5. Plaintiff, by the exercise of diligence, could have mitigated against the damages alleged in the Complaint; therefore, the damages, if any, suffered by Plaintiff, must be reduced, diminished or defeated by such amounts as should have been mitigated by her.

## FIFTH AFFIRMATIVE DEFENSE

6.  Plaintiff has come to the Court with unclean hands and is not entitled to any affirmative relief from this Court.

## SIXTH AFFIRMATIVE DEFENSE

7.   Plaintiff is estopped from asserting any obligation of the Bank by Plaintiff and/or Plaintiff's agent's own conduct.

## SEVENTH AFFIRMATIVE DEFENSE

8.   Liability owed to Plaintiff, if any, is owed by parties other than the Bank.

## EIGHTH AFFIRMATIVE DEFENSE

9.  Plaintiff consented to and approved all of the acts and omissions about which she now complains.

## NINTH AFFIRMATIVE DEFENSE

10. If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct,

1  acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional
2  misconduct of Plaintiff and not the Bank.

3  ## TENTH AFFIRMATIVE DEFENSE

4  11.  If Plaintiff suffered or sustained any loss, injury, damage or detriment, the
5  same was directly and proximately caused and contributed to by the breach, conduct,
6  acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional
7  misconduct of others, and not by the Bank.

8  ## ELEVENTH AFFIRMATIVE DEFENSE

9  12.  The Bank specifically denies that it acted with any oppression, fraud or
10  malice towards Plaintiff or others.

11  ## TWELFTH AFFIRMATIVE DEFENSE

12  13.  The Bank is immune, in whole or in part, from Plaintiff's claims.

13  ## THIRTEENTH AFFIRMATIVE DEFENSE

14  14.  Plaintiff's claims are pre-empted, in whole or in part.

15  ## FOURTEENTH AFFIRMATIVE DEFENSE

16  15.  Plaintiff is precluded from asserting any obligation of the Bank due to
17  Plaintiff's failure to comply with conditions precedent.

18  ## FIFTEENTH AFFIRMATIVE DEFENSE

19  16.  The Bank's conduct was privileged at all relevant times.

20  ## SIXTEENTH AFFIRMATIVE DEFENSE

21  17.  The acts and conduct of Plaintiff and/or Plaintiff's agents precluded and
22  interfered with any such acts or conduct required to be performed on the part of the
23  Bank.

24  ## SEVENTEENTH AFFIRMATIVE DEFENSE

25  18. Each of the causes of action set forth in the Complaint are barred by the
26  applicable statute of limitations.

27

28

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2   19.  If the Bank is determined to have any liability to the Plaintiff, the amount of

3   such liability, if any, is subject to setoff of the amounts owed by Plaintiff to the Bank.

4

## NINETEENTH AFFIRMATIVE DEFENSE

5   20.  The Complaint is barred, in whole or in part, because any alleged wrongful

6   conduct on the part of the Bank, which is assumed only for the purpose of this

7   affirmative defense, was not intentional and resulted from a bona fide error

8   notwithstanding the maintenance of procedures reasonably adapted to avoid any

9   such error.

10

## TWENTIETH AFFIRMATIVE DEFENSE

11   21.  CITIBANK contends that PLAINTIFF is not entitled to any damages from

12   CITIBANK due to improper joinder.

13

## TWENTY-FIRST AFFIRMATIVE DEFENSE

14   22.   PLAINTIFF lacks standing to assert the causes of action stated because,

15   among other things, the PLAINTIFF suffered no damages from the alleged wrongful

16   conduct of CITIBANK.

17

## TWENTY-SECOND AFFIRMATIVE DEFENSE

18   23.  The Bank reserves the right to assert additional and/or further affirmative

19   defenses during the course of this litigation as such become known throughout the

20   course of this litigation.

21   WHEREFORE, the Bank prays for judgment against Plaintiff as follows:

22   A.  That Plaintiff take nothing by way of her Complaint;

23   B.   That the Bank be awarded its attorney fees, costs and disbursements

24   incurred herein;

25

26

27

28

C.  For such other and further relief as this Court deems just and proper.

DATED:  May 17, 2017                LAW OFFICES OF MICHAEL D. SCHULMAN


By _____

Michael D. Schulman
Attorneys for Citibank, N.A.

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

    I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 18757 Burbank Blvd., Suite 310, Tarzana, CA  91356-3375.

    On May 18, 2017, I served the document described as:

**ANSWER OF CITIBANK, N.A. TO COMPLAINT**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman
21550 Oxnard Street, Suite 780
Woodland Hills, CA  91367


 X   BY MAIL

    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_  BY PERSONAL DELIVERY.

\_\_\_\_  BY FACSIMILE DELIVERY.

 X  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_\_\_  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 18, 2017, at Tarzana, California.

| | |
|---|---|
|    Yvette Montejo | *Yvette Montejo* |
| Name | Signature |

**EXHIBIT "3"**

(Page 9 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:17-cv-01060-TLN-DB   Document 1   Filed 05/19/17   Page 20 of 29

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF EL DORADO
3321 Cameron Park Drive
Cameron Park, California 95682
(530) 621-5867                    Fax (530) 672-2413

CASE NO. PCL 20170 **El DORADO CO. SUPERIOR CT.**

Plaintiff,

AMANDA BOND
vs.                                          **FILED   APR 17 2017**
                 Defendant.                  **Randi Corrasa**
CITIBANK, N.A.                           BY _____
                                              Deputy

NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE
(Local Rule 7.12.05 and .09)

NOTICE IS HEREBY GIVEN that a CASE MANAGEMENT CONFERENCE in the above
entitled case is set for  1:30 on 08/21/17, in Dept. 10.
3321 Cameron Park Drive, Cameron Park, California.

A Case Management Statement must be filed and served not less than
15 days before the Conference.

If a party is demanding a jury trial, pursuant to Civil Code of
Procedure section 631(b), a non-refundable jury fee of $150.00 must
be deposited with the court on or before the initial Case Management
Conference date in this action. Failure to timely deposit the funds
will result in a waiver of a jury trial.

At the CASE MANAGEMENT CONFERENCE you will be assigned a Dispute Reso-
lution Conference Date, a Mandatory Settlement Conference Date, and a
Trial Date. In lieu of a Dispute Resolution Conference, the parties
may elect mediation, binding arbitration, or judicial arbitration.

In addition, the court will make pre-trial orders.

The Court will require full compliance of El Dorado County Local
Rules, in particular, the rules governing Trial Court Case Management
(rule 7.12.00, et seq.). For additional information regarding the
Trial Court Case Management Program visit our website at:
www.eldoradocourt.org

You must be prepared to discuss all matters and dates which are the
subjects of the Case Management Conference. Telephonic court appear-
ances are provided through the Court. To sign up to appear by
telephone please go to the court's website at
http://www.eldoradocourt.org/onlineservices/vcourt.html at
least five (5) days prior to the scheduled conference.

CMC1                                          Rev 05/20/13

(Page 10 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:17-cv-01060-TLN-DB Document 1 Filed 05/19/17 Page 21 of 29

CLERK'S CERTIFICATE OF SERVICE

I declare under penalty of perjury that I am over the age of 18 and
not a party to the above action; that a copy of NOTICE OF CASE
ASSIGNMENT AND CASE MANAGEMENT CONFERENCE was placed for mailing
through either the United States Post Office or Inter-Departmental
mail on the parties at the address shown herein.
Executed on 04/17/17, in Cameron Park, California.

Delivered to:

TODD M FRIEDMAN
21550 OXNARD ST.
SUITE 780
WOODLAND HILLS CA 91367

Tania Ugrin-Capobianco, Chief Executive Officer

By: _____

Deputy Clerk

(Page 11 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:17-cv-01060-TLN-DB   Document 1   Filed 05/19/17   Page 22 of 29

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF EL DORADO

### NOTICE TO LITIGANTS

### CIVIL TRIAL DELAY REDUCTION AND ALTERNATIVE DISPUTE RESOLUTION
### REQUIRED PROCEDURES AND TIME LINES

All general civil cases are included in the El Dorado Court's Civil Trial Delay Reduction Program. Local Rules for the El Dorado Superior Court require that you comply with certain procedures and meet certain time lines for these cases. Please see Local Rule 7.12.00 et seq.

Plaintiffs and Cross-Complainant must serve the following documents with the Complaint or Cross-Complaint on all other parties: 1) A copy of this Notice to Litigants; 2) A copy of the Notice of Case Management Conference; and 3) A blank Case Management Statement. This service must be accomplished and proof of service must be filed within 60 days of the filing of the Complaint or Cross-complaint.

A Case Management Conference (CMC) will be held within 120 days of filing of the Complaint. The date and time are indicated on the Notice of Case Management Conference. You must file a completed Case Management Statement at least 15 days prior to the Conference.

At the CMC, the court will assign a Dispute Resolution Conference date, a Mandatory Settlement and Readiness Conference date and a trial date. The court may also assign an Issues Conference date. In lieu of a Dispute Resolution Conference, all parties may elect mediation, private arbitration or judicial arbitration. You may obtain a stipulation and order to participate in alternative dispute resolution and a list of the attorneys on the Dispute Resolution Conference, arbitration or mediation panels from the court's website or the clerk's office.

Dispute Resolution Conferences will be conducted by one attorney temporary judge. You may obtain a list of the attorneys on the panel on the Court's website at www.eldoradocourt.org.

Dispute Resolution Conferences are conducted as early Mandatory Settlement Conferences pursuant to CRC Rule 3.1380 which requires that trial counsel, parties and persons with full authority to settle personally attend, unless excused by the court, and that no later than 5 court days before the conference, each party file and serve on each other party a Settlement Conference Statement with a good faith settlement proposal. The Dispute Resolution conference is conducted by a volunteer settlement attorney.

It is important to review Local Rule 7.12.00 et seq. and El Dorado Superior Court's ADR program with your client. It will increase the possibility of your client's case being resolved at an early, less expensive stage.

### DISPUTE RESOLUTION CONFERENCES
### REQUIRED PROCEDURES AND TIME LINES

The Court has initiated an Alternative Dispute Resolution (ADR) Program which applies to all civil cases which are subject to these rules; provided, however, that on the joint request of the parties or on its own motion, the Court may order that the program apply to any civil case.

Unless the parties agree to another form of ADR, they will be ordered to participate in a Dispute Resolution Conference (DRC). The DRC will be conducted by a volunteer attorney temporary judge. The DRC will be conducted as a Mandatory Settlement Conference pursuant to California Rules of Court, rule 3.1380, and the parties and counsel are directed to comply with the terms thereof.

Trial Reduction Notice to Litigants

(Page 12 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:17-cv-01060-TLN-DB Document 1 Filed 05/19/17 Page 23 of 29

Within 7 to 10 days after the Case Management Conference, the court will notify the parties of the DRC temporary judge assigned to the case. It is the responsibility of the plaintiff to contact the temporary judge and arrange for a time and place for the DRC convenient to them and all parties.

At least 10 court days prior to the DRC, each party is to submit to the temporary judge and the other parties a Dispute Resolution Conference Statement which meets the requirements of California Rules of Court, rule 3.1380, and any special requirements set forth below.

Prior to the DRC, the parties are to exchange documents and records pertinent to settlement and shall provide copies of these to the DRC temporary judge.

With leave of court and in lieu of participation in a DRC, the parties may stipulate to private arbitration (binding or non-binding), judicial arbitration, or mediation. The parties may select the neutral from the Court's panel or a private neutral of their choice. The parties will be responsible for any fees associated with arbitration, judicial arbitration or mediation. The Court's panel of neutrals may be obtained from the court's website.

## MANDATORY SETTLEMENT AND READINESS CONFERENCE
### REQUIRED PROCEDURES AND TIME LINES

A **MANDATORY SETTLEMENT AND READINESS CONFERENCE** (MSRC) will be held approximately three to four weeks prior to trial. See CRC Rule 3.1380 and Local Rule 7.12.10.

The MSRC will be conducted as a **MANDATORY SETTLEMENT CONFERENCE** pursuant to CRC Rule 3.1380, which provides:

1. That trial counsel, parties and persons with full authority to settle the case shall personally attend the conference, unless excused by the court for good cause shown; and

2. That no later than five court days before the conference, each party shall submit to the court and serve on each party, a Mandatory Settlement Conference Statement containing a good faith settlement demand and an itemization of economic and non-economic damages by each plaintiff and a good faith offer of settlement by each defendant. The Mandatory Settlement Conference Statement shall set forth and discuss in detail all facts and law pertinent to the issues of liability and damages involved in the case as to that party.

The MSRC will also be conducted as a **TRIAL READINESS CONFERENCE** at which all matters that need to be resolved prior to trial, including matters set at in Rule 7.12.09, paragraphs D and E, shall be before the court. In their MSCR Statements Counsel are to address the following:

1. **Witnesses.** A list identifying all lay and expert witnesses the party intends to call at trial;
2. **Exhibits.** A list identifying all exhibits the party intends to offer at trial.
3. **Jury Instructions.** A jury instructions checklist indicating the BAJI numbers of requested instructions;
4. **Photographs and Reports.** Each party shall attach to the MSRC Statement copies of relevant documents which may assist the Court in settlement including photographs, diagrams, reports, bills, and contracts.

No later than three days prior to the **MSRC**, the parties are to file and serve Motions in Limine.

(Page 13 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:17-cv-01060-TLN-DB Document 1 Filed 05/19/17 Page 24 of 29

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO.*(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
    STREET ADDRESS:
    MAILING ADDRESS:
    CITY AND ZIP CODE:
    BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** ☐ **LIMITED CASE** | |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:                  Time:                  Dept.:          Div.:          Room:
Address of court *(if different from the address above):*

☐    Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
    a. ☐ This statement is submitted by party *(name):*
    b. ☐ This statement is submitted jointly by parties *(names):*


2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.   The complaint was filed on *(date):*
    b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b. ☐ The following parties named in the complaint or cross-complaint
        (1) ☐ have not been served *(specify names and explain why not):*

        (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

        (3) ☐ have had a default entered against them *(specify names):*

    c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
    a.   Type of case in ☐ complaint ☐ cross-complaint    *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

*Martin Dean's*
**ESSENTIAL FORMS™**

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720-3.730
www.courts.ca.gov

(Page 14 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:17-cv-01060-TLN-DB Document 1 Filed 05/19/17 Page 25 of 29

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:               f. Fax number:
   e. E-mail address:                 g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under of Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110 [Rev. July 1, 2011]                          **CASE MANAGEMENT STATEMENT**                          Page 2 of 5
Matrix Open's
ESSENTIAL FORMS™

(Page 15 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:17-cv-01060-TLN-DB   Document 1   Filed 05/19/17   Page 26 of 29

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing to participate in the following ADR processes** *(check all that apply):* | If the party or parties completing this form in the case **have agreed to participate in or have already completed an ADR process or processes,** indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

Martin Dean's
ESSENTIAL FORMS™

(Page 16 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:17-cv-01060-TLN-DB Document 1 Filed 05/19/17 Page 27 of 29

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:
☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

(Page 17 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 2:17-cv-01060-TLN-DB Document 1 Filed 05/19/17 Page 28 of 29

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____    ▶ _____
    (TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

_____    ▶ _____
    (TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY)

    ☐ Additional signatures are attached.

PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 18757 Burbank Blvd., Suite 310, Tarzana, CA 91356-3375.

On May 19, 2017, I served the document described as: **NOTICE OF REMOVAL BY DEFENDANT** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367

 X   BY MAIL

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___ BY PERSONAL DELIVERY.

___ BY FACSIMILE DELIVERY.

___ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

 X   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 19, 2017, at Tarzana, California.

_____
        Yvette Montejo                                           Yuette Monte
              Name                                                        Signature